UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IN RE:                                          :
                                                :     **MEMORANDUM OPINION**
                                                :     **AND ORDER**
WINDSTREAM HOLDINGS, INC. et al.,               :
                              Debtors.          :
--------------------------------------------------------------:
U.S. BANK NATIONAL ASSOCIATION,                 :
                              Appellant,        :
v.                                              :     20 CV 4276 (VB)
                                                :
WINDSTREAM HOLDINGS, INC. et al.,               :
                              Appellees.        :
--------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION,                 :
                              Appellant,        :
v.                                              :     20 CV 5440 (VB)
                                                :
WINDSTREAM HOLDINGS, INC. et al.,               :
                              Appellees.        :
--------------------------------------------------------------x
CQS (US), LLC,                                  :
                              Appellant,        :
v.                                              :     20 CV 5529 (VB)
                                                :
WINDSTREAM HOLDINGS, INC. et al.,               :
                              Appellees.        :
--------------------------------------------------------------x

Briccetti, J.:

        Appellant U.S. Bank National Association ("U.S. Bank"), as indenture trustee for certain

unsecured Windstream Services, LLC ("Services") notes, appeals from (i) a May 12, 2020, Order

of the U.S. Bankruptcy Court for the Southern District of New York (19 BR 22312 Doc. #1807),

approving a settlement between Windstream Holdings, Inc. and its debtor subsidiaries

("appellees" or "Debtors"), and Uniti Group, Inc. ("Uniti") (the "Settlement Order"); and (ii) from

a June 26, 2020, Order of the Bankruptcy Court confirming the Debtors' Chapter 11 plan of

reorganization (the "Confirmation Order") (19 BR 22312 Doc. #2243).

Before the Court is appellants' motion to consolidate and expedite the appeals.  (20 CV 5440 Doc. #4).[1]

For the reasons set forth below, the motion is GRANTED to the extent it seeks to consolidate the appeals and DENIED to the extent it seeks to expedite the appeals.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 158(a).

## BACKGROUND

In 2015, Debtors spun off from their core business a real estate investment trust, Uniti.  In connection with that spinoff, Services, a subsidiary of Windstream Holdings, Inc., transferred certain assets to Uniti, which Uniti then leased to Debtors.

In 2017, Aurelius Capital Master, Ltd. ("Aurelius"), acquired a controlling position in certain notes issued by Services, for which U.S. Bank serves as trustee.  U.S. Bank commenced litigation against Services in this District, claiming that Services had breached its obligations under the notes.  On February 25, 2019, after U.S. Bank obtained a judgment against Services, Debtors filed a voluntary petition for Chapter 11 bankruptcy protection.  (See 19 BR 22312 Doc. #1).

In bankruptcy court, Debtors brought claims against Uniti to recharacterize the 2015 transaction as a financing rather than a sale and lease, for breach of contract, and to set aside certain transfers by Uniti as fraudulent.  After months of litigation, Debtors and Uniti reached a settlement agreement resolving Debtors' claims in exchange for a $1.2 billion payment from Uniti to Debtors.  On May 12, 2020, following a two-day hearing, Bankruptcy Judge Robert D. Drain

---

1    Appellant CQS (US), LLC also appeals the Confirmation Order and joins in this motion to consolidate and expedite the appeals.  (See 20 Civ. 5529 Doc. #4).

issued the Settlement Order, thereby approving the settlement.  U.S. Bank timely appealed the Settlement Order.  (20 Civ. 4276 Doc. #1).

On June 26, 2020, following another two-day hearing, Judge Drain confirmed the Debtors' Chapter 11 plan of reorganization, which hinged on the Debtors' settlement with Uniti, and issued the Confirmation Order.  According to appellants, confirmation of the plan will result in no payments to unsecured creditors, including appellants.  U.S. Bank and CQS timely appealed the Confirmation Order.  (See 20 CV 5440 Doc. #1, 20 CV 5529 Doc. #1).

On July 15, 2020, U.S. Bank filed the instant motion to consolidate and expedite the appeals.  (20 CV 5440 Doc. #4).  On July 20, 2020, CQS joined in the motion.  (20 Civ. 5529 Doc. #4).  On July 22, 2020, Debtors opposed the motion inasmuch as it seeks to expedite the appeals but consented to the application to consolidate the appeals.  (20 CV 5440 Doc. #12).  The following day, U.S. Bank filed its reply.  (20 CV 5440 Doc. #13).

## DISCUSSION

I.   Consolidation

Appellants argue the appeals should be consolidated because they are brought by the same appellant, U.S Bank, and involve interrelated orders from the bankruptcy court.

The Court agrees.

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate multiple cases that "involve a common question of law or fact."  Indeed, "[w]hen parties have separately filed timely notices of appeal, the district court . . . may join or consolidate the appeals."  Fed. R. Bankr. P. 8003(b)(2).

Here, the Settlement Order and Confirmation Order respect the same facts, involve the same or similar parties, and were issued by the same Judge.  See In re Mergenthaler, 2015 WL

13227954, at *5 (E.D.N.Y. Apr. 29, 2015) (consolidating bankruptcy appeals).  Moreover, because Debtors do not oppose the motion inasmuch as it seeks consolidation, and because the Court is persuaded that consolidation is appropriate given the interrelated nature of the orders on appeal, the Court finds these captioned appeals should be consolidated.

II.      Expedition

Appellants argue the Court should expedite the appeals because, following consummation of the plan of reorganization, which is expected to occur in either August or September 2020, Debtors likely will argue the pending appeals have become equitably moot.

The Court is not persuaded.

A.      Legal Standard

Federal Rule of Bankruptcy Procedure 8013(d) allows a movant to file an emergency motion to request "expedited action on a motion because irreparable harm would occur during the time needed to consider a response."  Fed. R. Bankr. P. 8013(d)(1); see also In re Premier Operations, 293 B.R. 334, 335 (S.D.N.Y. 2003) (discussing Fed. R. Bankr. P. 8011(d), the predecessor rule to 8013(d)).  Here, appellants argue they may suffer irreparable harm if the Court does not expedite the appeals because Debtors could, at a later time, argue the appeals have been rendered equitably moot.  (See 20 CV 5440 Doc. #5 ("Winters Decl.") ¶ 3).

Equitable mootness is "a prudential doctrine under which the district court may dismiss a bankruptcy appeal when, even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable."  In re Charter Commc'ns, Inc., 691 F.3d 476, 481 (2d Cir. 2012).[2]  "Unlike constitutional mootness, which turns on the threshold question of

_____

[2]      Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

whether a justiciable case or controversy exists, equitable mootness in the context presented here is concerned with whether a particular remedy can be granted without unjustly upsetting a debtor's plan of reorganization." Id. "Equitable mootness in the bankruptcy setting thus requires the district court to carefully balance the importance of finality in bankruptcy proceedings against the appellant's right to review and relief." Id. In this Circuit, "an appeal is presumed equitably moot where the debtor's plan of reorganization has been substantially consummated." Id. at 482. "Because equitable mootness bears only upon the proper remedy, and does not raise a threshold question of [a Court's] power to rule, a court is not inhibited from considering the merits before considering equitable mootness." In re Metromedia Fiber Network, Inc., 416 F.3d 136, 144 (2d Cir. 2005).

"Courts are divided, and the Second Circuit has not yet spoken, on the issue of whether the risk that an appeal may become moot in the absence of a stay pending appeal satisfies the irreparable injury requirement." In re Adelphia Commc'ns Corp., 361 B.R. 337, 347 (S.D.N.Y. 2007) (discussing equitable mootness and irreparable harm in the context of a stay application). Indeed, "[a] majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm." Id. (collecting cases).

Other courts in this District have reasoned that the "threat of mootness of an appeal from a confirmation order is not alone sufficient to establish a threat of irreparable injury," but rather "the loss of the right to appeal vel non that gives rise to the Court's irreparable injury finding." In re St. Johnsbury Trucking Co., 185 B.R. 687, 690 n.1 (S.D.N.Y. 1995) (granting the government's application for a stay and expediting appeal because confirmation of the plan would

preclude recovery of environmental response costs and of income and social security taxes withheld from employee wages).

"However, merely invoking equitable mootness as the [appellants] have done here—a risk that is present in any post-confirmation appeal of a chapter 11 plan—is not sufficient to demonstrate irreparable harm." In re Calpine Corp., 2008 WL 207841, at *4 (Bankr. S.D.N.Y. Jan. 24, 2008).  "If the Court were to credit this kind of argument for every such expedite request, it would be forced to review nearly every bankruptcy appeal on an expedited basis because, as a matter of course, all liquidation plans can be contingent on the resolution of all outstanding creditor claims." In re Premier Operations, 293 B.R. at 336.

      B.    Application

Based on the affidavit U.S. Bank filed in support of the motion, the Court is not persuaded the reasons put forward by appellants demand expedited review.  The only argument appellants make with respect to irreparable injury is that their appeals could become equitably moot if Debtors consummate the reorganization plan and effectuate the settlement with Uniti in late August or early September.  (See Winters Decl. ¶ 2).[3]  But equitable mootness is a risk present in any post-confirmation appeal of a Chapter 11 plan; merely invoking that risk in a demand for expedition is not enough to show irreparable harm.  See In re Calpine Corp., 2008 WL 207841, at *4.

Appellants assert that if the Court does not hear their appeals before the plan is consummated, the Court would allow the bankruptcy court's determination, which "violate[s] the Bankruptcy Code," to stand.  (See 20 CV 5440 Doc. #4 ¶ 11).  Appellants' further assert that if

---

[3]     Although appellants note that "Plan consummation could occur as late as October 2020." (20 CV 5440 Doc. #4 at 9).

the Court does not expeditiously hear their appeals and overturn the bankruptcy court orders, appellants would suffer monetary losses.  (See, e.g., id. ¶ 9 (noting Debtor and Uniti "reached a settlement that would result in zero recovery for the injured noteholders.")).  But "[m]onetary loss alone will generally not amount to irreparable harm."  Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, 934 F.2d 30, 34 (2d Cir. 1991); cf. id. ("[W]hen a party can be fully compensated for financial loss by a money judgment, there is simply no compelling reason why the extraordinary equitable remedy of a preliminary injunction should be granted.").

Appellants further argue the Second Circuit has said it is "generous in granting motions to expedite," In re Iceland Inc., 112 F.3d 504 (2d Cir. 1997) (summary order), but they present this proposition out of context.  First, the Second Circuit was discussing its willingness to expedite, and second, importantly, the Circuit was reprimanding an appellant who made no "effort to expedite his appeal to the district court but was in fact responsible for considerable delay in its being heard. . . .  As a result, the reorganization has gone forward, rendering the present challenge moot."  Id.

Finally, appellants argue the relief they are seeking—expedition—is not "extraordinary." (20 CV 5440 Doc. #13 ¶ 6).  However, appellants have failed to explain why the mere possibility of equitable mootness, on its own, merits an expedited appeal.  The instant appeals involve complex bankruptcy matters.  Indeed, "given the weighty nature of the issues involved, due time and consideration should be given to their briefing and argument by the parties and the measuring thereof by this Court."  See In re United Pan-Europe Commc'ns N.V., 2003 WL 221819, at *4 (S.D.N.Y. Jan. 30, 2003).

## CONCLUSION

The motion is GRANTED only to the extent it seeks to consolidate the appeals.  The motion is DENIED to the extent it seeks expedition.

Because appellant U.S. Bank has already filed its consolidated brief, by August 4, 2020, appellants U.S. Bank and CQS shall advise the Court whether they intend to file an amended brief in the now-consolidated action.  After appellants advise the Court on whether they intend to file an amended brief in the consolidated action, the Court—which is in receipt of the Debtors' motions to strike (20 CV 4276 Doc. #17 and 20 CV 5440 Doc. #19)—will set a briefing schedule for the consolidated appeal.

The conference scheduled for August 26, 2020, is cancelled.  In the event the Court decides to hold oral argument, it will so notify counsel.

The Clerk is directed to consolidate the cases 20 CV 4276, 20 CV 5440, and 20 CV 5529, with the lead case being 20 CV 4276.

The Clerk is further directed to terminate the motion.  (20 CV 5440 Doc. #4).

Dated:  August 3, 2020
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge