```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IN RE:                                            :
                                                  :
WINDSTREAM HOLDINGS, INC., et al.,                :   MEMORANDUM OPINION
                         Debtors.                 :   AND ORDER
--------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION                    :   20 CV 4276 (VB)
and CQS (US), LLC,                                :
                         Appellants,              :
v.                                                :
                                                  :
WINDSTREAM HOLDINGS, INC., et al.,                :
                         Appellees.               :
--------------------------------------------------------------x
```

Briccetti, J.:

U.S. Bank National Association ("U.S. Bank"), as indenture trustee for certain unsecured notes of Windstream Services, LLC, and CQS (US), LLC ("CQS"), appeal from (i) a May 12, 2020, Order of the Bankruptcy Court approving a settlement between Windstream Holdings, Inc., and its debtor subsidiaries ("debtors"), and Uniti Group, Inc. (the "Settlement Order"); and (ii) a June 26, 2020, Order of the Bankruptcy Court confirming the debtors' Chapter 11 plan of reorganization (the "Confirmation Order").  Intervenor-appellee Elliott Investment Management L.P. ("Elliott"), the largest holder of first and second lien claims against debtors, along with other rights contemplated by the Chapter 11 plan of reorganization (the "Plan") confirmed by the Confirmation Order, previously intervened in the appeal with the consent of all parties.  (Doc. #31).

Before the Court is appellants' motion for "a determination of post-effective date jurisdiction," or, in the alternative, a stay of the effectiveness of the Confirmation Order pending the appeal.  (Doc. #44).  Debtors and Elliott oppose the motion.

For the reasons set forth below, the motion is DENIED.

1

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 158(a).

**BACKGROUND**

The Court assumes the parties' familiarity with the relevant facts and procedural history, except as recited herein.

Appellants timely appealed from both the Settlement Order and the Confirmation Order. Thereafter, they moved to expedite the appeals, and to consolidate the several appeals relating to the Settlement Order and the Confirmation Order. The Court denied the motion to expedite, but granted the motion to consolidate. (Doc. #18). The Court then set a briefing schedule, pursuant to which the appeals were to be fully briefed by September 16, 2020. (Doc. #22).

On September 2, 2020, appellees filed their opening briefs on the merits of the appeals, arguing, among other things, that the Court should dismiss the appeals as equitably moot.

Two days later, U.S. Bank filed, and CQS joined, the instant motion. Appellants request that the Court determine, in the first instance and in advance of deciding the appeal on the merits, that it will retain jurisdiction over the appeals if and when the Plan becomes effective. In other words, appellants ask the Court to rule on whether the appeals are equitably moot in light of the then-impending consummation of the Plan. In the alternative, appellants request that the Court order appellees to stay implementation and consummation of the Plan pending resolution of the appeals. On September 17, 2020, Bankruptcy Judge Robert D. Drain denied a similar request to stay consummation of the Plan. (Doc. #56-1 at ECF 21–29).[1]

By letter dated September 21, 2020, appellees informed the Court that the Plan became effective and was substantially consummated that day.

---

[1] "ECF" refers to the page numbers automatically assigned by the Court's Electronic Filing System.

2

**DISCUSSION**

I.      Post-Effective Date Jurisdiction

Appellants seek a determination that "the appeals will not be rendered equitably moot if and when the debtors consummate the Plan." (Doc. #44 at ECF 5). They implore the Court to "preserve its jurisdiction and assure the parties that the Bankruptcy Court's decisions below will be reviewed" by either deciding the appeal before consummation of the Plan, determining that consummation does not equitably moot the appeal, or staying the effectiveness of the Plan. (Id. at ECF 4–5).

The Court declines to determine the issue of equitable mootness in advance of the deciding the merits of the appeal, and will rule on that question in due course.

    A.      Legal Standard

Equitable mootness does not deprive a court of jurisdiction over a case in the same way that constitutional mootness does. Constitutional mootness stems from a court's "inability" to grant effective relief, but the doctrine of equitable mootness describes a court's "unwillingness to alter the outcome" of a bankruptcy proceeding. See In re UNR Indus.'s, Inc., 20 F.3d 766, 769 (7th Cir. 1994). "Equitable mootness is a prudential doctrine that is invoked to avoid disturbing a reorganization plan once implemented." Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.), 416 F.3d 136, 144 (2d Cir. 2005). "Unlike constitutional mootness, which turns on the threshold question of whether a justiciable case or controversy exists, equitable mootness in the context presented here is concerned with whether a particular remedy can be granted without unjustly upsetting a debtor's plan of reorganization." In re Charter Comms., Inc., 691 F.3d 476, 481 (2d Cir. 2012). Equitable mootness "applies to specific claims, not entire appeals," and courts must apply the doctrine "with a scalpel rather than an axe." Id. at

481–82.  "Because equitable mootness bears only upon the proper remedy, and does not raise a threshold question of our power to rule, a court is not inhibited from considering the merits before considering equitable mootness."  Deutsche Bank AG v. Matromedia Fiber Network, Inc, 416 F.3d at 144.  "Often, an appraisal of the merits is essential to the framing of an equitable remedy."  Id.  "Equitable mootness in the bankruptcy setting . . . requires the district court to carefully balance the importance of finality in bankruptcy proceedings against the appellant's right to review and relief."  In re Charter Comms., Inc., 691 F.3d at 481.

      B.      <u>Application</u>

The Court declines to determine whether the bankruptcy appeal is equitably moot in advance of, and separate from, the merits of the appeal.  Appellants' motion appears to be an attempt to force seriatim expedition of one of the issues implicated in their appeal of the Settlement and Confirmation Orders.  It is black-letter law that this Court is not deprived of jurisdiction over a bankruptcy appeal by the consummation of a debtor's plan of reorganization alone.  See e.g., In re Charter Comms., Inc., 691 F.3d at 481.  Although appellees have argued that the appeal should be dismissed as equitably moot, neither that argument, nor the fact that the Plan has been consummated, deprives the Court of jurisdiction over the merits of the appeal.  There is no indication that this Court will be unable to grant appellants effective relief should they prevail on the merits of the appeal.  Appellees have merely argued that any relief granted by this Court would be inequitable in light of their consummation of the Plan.  See In re UNR Indus.'s, Inc., 20 F.3d at 769.  Even if appellees are correct, the fact that this Court could still fashion a partial remedy should appellants prevail on the appeal, regardless of how inequitable or incomplete that remedy is, "is sufficient to prevent [this] case from being moot" under Article III of the Constitution.  See Calderon v. Moore, 518 U.S. 149, 150 (1996) ("[E]ven the availability of

a partial remedy is sufficient to prevent a case from being moot.") (internal quotation marks and alterations omitted).  Therefore, it is unnecessary for this Court to determine that it will retain jurisdiction over the appeal now that the Plan has been consummated.

In an effort to "carefully balance the importance of finality in [the] bankruptcy proceedings [below] against [appellants'] right to review and relief," the Court will reserve decision on whether consummation of the Plan renders the appeal equitably moot until the Court can give due attention to the parties' arguments on the merits of the appeal.  See In re Charter Comms., Inc., 691 F.3d at 481.

II.     Stay of the Confirmation Order

In the alternative, appellants seek a stay of enforcement of the Confirmation Order, and thus implementation of the Plan, pending resolution of the appeal.  On September 21, 2020, debtors informed the Court that the Plan had become effective and was substantially consummated.

Appellants request for a stay is moot.

A.      Legal Standard

In contrast to equitable mootness, this Court lacks jurisdiction over a proceeding under Article III of the Constitution when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome" of a given proceeding.  Murphy v. Hunt, 455 U.S. 478, 481–82 (1982) (per curiam) (finding claim related to pretrial bail moot once defendant was convicted because "even a favorable decision on [the claim] would not have entitled [the defendant] to bail.") (internal quotation marks omitted).  A claim becomes moot "if an event occurs while a case is pending . . . that makes it impossible for the court to grant any effectual relief whatever to a

prevailing party." See ABC, Inc. v. Stewart, 360 F.3d 90, 97 (2d Cir. 2004) (internal quotations omitted).

      B.     Application

Appellants' request to stay enforcement of the Confirmation Order and consummation of the Plan is moot. See, e.g., In re Gucci, 105 F.3d 837, 839 (2d Cir. 1997) (noting motion for stay pending appeal was moot in light of consummation of sale and conveyance of assets). Appellees notified this Court by letter dated September 21, 2020, six days after appellants submitted their reply in support of this motion, that Windstream Holdings, Inc., and its debtor subsidiaries effectuated and substantially consummated the Plan. The Court cannot stay the implementation of a plan of reorganization after debtors have substantially reorganized. The issue presented is no longer live and appellants' request is denied as moot.

## CONCLUSION

The motion is DENIED.

The Clerk is directed to terminate the motion. (Doc. #44).

Dated: November 2, 2020
       White Plains, NY

                        SO ORDERED:

                        _____
                        Vincent L. Briccetti
                        United States District Judge